UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NICHOLAS WAYNE RHODES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  A-21-CV-00191-DAE** |
| | § | |
| **NOVA TRANSPORT, LLC,** | § | |
| **EVERARDO PICHARDO,** | § | |
| **ANDRADE'S TRUCKING, LLC,** | | |
| *Defendants* | | |

## ORDER

Before the Court are Defendant Nova Transport, LLC's and Everardo Pichardo's Motion to Exclude Officer John Schultz's Causation-Based Opinions, Dkt. 26; Third Party Capital Brain and Spine, PLLC's Motion for Protective Order and Motion to Quash, Dkt. 30; and Plaintiff's Objection and Motion to Quash Defendants' Notice of Intention to Take Depositions by Written Questions to Texas Spine and Injury and Brushy Creek Family Hospital, Dkt. 33. The District Court referred each of these motions to the undersigned magistrate judge for disposition. The undersigned held a hearing on the motions on August 12, 2022. For the reasons stated on the record in that hearing, the Court enters the following orders and rulings.

The Court **DENIES** Defendants' Motion to Exclude Officer John Schultz's Causation-Based Opinions, Dkt. 26. As stated on the record, the Court concludes that Defendants' motion was untimely under the governing scheduling order (a point conceded by Defendants' counsel at the hearing) and that the motion fails on the merits as well. In particular, Defendants' arguments challenging the bases for Officer

1

Schultz's causation opinions go to the weight, not the admissibility, of his testimony. *See, e.g.*, *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 3074420, at *8 (W.D. Tex. June 10, 2020) (attacks on "'bases and sources'" of an expert's opinion "'affect the weight to be assigned to that opinion rather than its admissibility'" and should "'be left for the jury's consideration'" (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987))).

The Court **GRANTS IN PART** and **DENIES IN PART** Capital Brain and Spine's Motion for Protective Order and Motion to Quash, Dkt. 30. The Court **GRANTS** the motion for protective order as unopposed and will separately enter the proposed protective order, which follows the form of the District's Confidentiality and Protective Order. The Court **DENIES** Capital Brain and Spine's motions in all other respects and **OVERRULES** Capital Brain and Spine's objections to each of Defendants' remaining challenged discovery requests.[1] The Court **ORDERS** Capital Brain and Spine to respond to all remaining challenged deposition questions and to produce any responsive documents Capital Brain and Spine has withheld within **21 days** of the entry of this order.

Finally, counsel for Plaintiff confirmed on the record that he wishes to withdraw Plaintiff's Objection and Motion to Quash Defendants' Notice of Intention

---

[1] In an email to the Court, and at the hearing, the parties confirmed the remaining disputed requests are as follows: (1) Questions 14-23, 38-42, 52, and 53 from Defendant's Notice of Intention to Take Deposition by Written Questions; and (2) document request numbers 2, 4-9, 15, 22, and 25 from Defendants' Subpoena Duces Tecum to Capital Brain & Spine. The parties also confirmed their agreement on the record that the date range to apply to Capital Brain and Spine's responses and production is limited to the period of Plaintiff's treatment—May 10, 2021, through August 27, 2021.

to Take Depositions by Written Questions to Texas Spine and Injury and Brushy Creek Family Hospital, Dkt. 33. The Court has entered a separate text order on the docket **DISMISSING** this motion as moot. As all the referred motions have been resolved, the referral from the District Court is **CANCELED**.

SIGNED August 12, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE