UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NICHOLAS WAYNE RHODES, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:21-CV-191-DAE |
| § | |
| NOVA TRANSPORT LLC et al., § | |
| *Defendants* § | |

### ORDER

Before the Court is Plaintiff's Motion to Exclude the Opinions of Dr. Deshdeepak Sahni, Dkt. 83, along with all associated responses and replies.

### I.  LEGAL STANDARD

Federal Rule of Evidence 702 sets the standard the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597-98 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be

1

applied to the facts in issue." 509 U.S. at 592-93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsupported assertions of an expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592-93. "The expert's assurances that he [or she] has utilized generally accepted scientific methodology is insufficient." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Even if the expert is qualified and the basis of his or her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for the expert's testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. Fed. R. Evid. 104(a). The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276. Pursuant to Rule 403, the Court may also exclude evidence if its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

## II.     ANALYSIS

This case involves a motor vehicle collision. Defendants Nova Transport, LLC and Everardo Pichardo are being sued by Plaintiff Nicholas Rhodes for injuries he sustained on December 3, 2019, when the Peterbilt truck driven by Pichardo collided with Rhodes' pickup while both were driving on IH-35. Rhodes alleges an injury to his cervical spine as a result of the accident and alleges he has required surgical intervention.

Rhodes was treated at Brushy Creek Family Hospital, where he received surgery on his neck. Dr. Sahni, a neurosurgeon, treated Rhodes, and performed surgery on him at Brushy Creek Family Hospital. He has been identified to testify as a non-retained expert as to the reasonableness of charges for Rhodes's treatment related to his treatment of Rhodes and Rhodes's treatment prior to and after his surgery.[1]

Defendants move to exclude Sahni's testimony on whether Rhodes's medical expenses are "reasonable" as conclusory and unreliable, as he testified that he only had knowledge of the reasonableness of charges by his own practice. Rhodes responds that: (1) the motion is untimely[2]; and (2) Sahni's testimony regarding the

---

[1] Regarding any failure to provide a written expert report, Dr. Sahni is not a retained expert and therefore not required to provide a report. Fed. R. Civ. P. 26(a)(2)(B).
[2] Since the undersigned finds the motion should be denied, it does not address the timeliness issue.

3

reasonableness of the bills of other treatment providers is admissible, with the exception of three medical bills which Rhodes agrees will have to be admitted through other means.

### A. Basis for Sahni's Opinion Regarding Reasonableness of Amounts Charged by Other Providers

First, Defendants move to exclude the opinion of Sahni regarding the reasonableness of charges by other medical provides asserting that "Dr. Sahni provided no basis for his opinion that the amounts charged by providers other than himself and his clinic were reasonable." Dkt. 83 at 4. Medical bills must be "reasonable" to be recoverable as damages under Texas personal injury law. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 887 (5th Cir. 2004) ("Under Texas law, a claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary.").

In his deposition, Dr. Sahni testified he was familiar with the reasonableness of the charges, the treatment was medically necessary, and in his opinion, the specific charges were reasonable, regarding treatment by various of Rhodes's presurgical medical providers including American Dynamic Imaging; Texas Spine & Injury Center; Austin NeuroSpine; and Longhorn Imaging Center. Dkt. 101-3, Deposition of Dr. Sahni, 54:23-58:1. Dr. Sahni also answered similar foundational questions for the medical providers directly involved in the surgery Dr. Sahni performed on Rhodes on June 10, 2021, including Capital Brain & Spine; Brushy Creek Family Hospital date of service June 10, 2021; Neuriom Spine Care, LLC;

4

Delta Neuromonitoring; and Precision Medical Products, Inc. Dkt. 101-3, Deposition of Dr. Sahni, 58:2-65:17.

Dr. Sahni also testified he was not familiar with the reasonable charges for three medical bills: (1) Alamo City Pharmacy; (2) Brushy Creek Family Hospital date of service June 15, 2021; and (3) Precision Medical Products, Inc. Dkt. 101-3, Deposition of Dr. Sahni, 54:13-22; 65:18-66:4; and 66:10-68:2. In his Response, Rhodes states that "Plaintiff agrees Dr. Sahni was not able to establish the predicate for the three foregoing medical bills, and as such, Plaintiff will establish their admissibility through other means." Dkt. 101, at 6.

Defendants complain that Dr. Sahni's testimony was conclusory, as he conducted no analysis of the billing rates in issue. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Defendants are free to raise issues with the bases of Sahni's opinions at trial to inform what weight the jury should place on them. The Rules of Evidence favor admission rather than exclusion. *Young v. Ill. Cent. Gulf R.R. Co.*, 618 F.2d 332, 337 (5th Cir. 1980) ("Trial courts must not lose sight, however, of the liberal nature of the Federal Rules of Evidence. It must be remembered that the federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all."). The undersigned

5

declines to exclude Sahni's opinions on the reasonableness of various medical billing and related testimony based on any purported lack of reliability.

### B. Expert Opinions Based on List Prices

Defendants next argue that Sahni's testimony regarding the reasonableness of the amounts billed for Rhodes's medical treatments should be excluded because expert opinions based solely on list prices are unreliable, and because Sahni conducted no analysis of the charges "to the extent the charges Dr. Sahni signed off on could potentially just have been the list charges, they are inaccurate, lack a foundation, and are unreliable." Dkt. 83, at 5-6.

Section 41.0105 of the Texas Civil Practices and Remedies Code, provides that, in addition to any other limitation under law, recovery of medical or health care expenses in a personal injury suit is limited to the amount actually paid or incurred by or on behalf of the claimant. In *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), the Texas Supreme Court stated that Section 41.0105 limits a plaintiff's recovery of medical expenses to actual costs paid, not the "list price" posted on a medical provider's bills. In other words, only evidence of expenses actually paid or incurred by the claimant can be presented to a jury.

In *Guzman v. Jones*, 804 F.3d 707, 711 (5th Cir. 2015), the Fifth Circuit addressed the issue of whether an uninsured plaintiff who may have been eligible for insurance benefits but did not have insurance at the time of his injury or treatment is barred from presenting evidence of the list prices he was charged by the hospital for the services rendered to him, because he would have incurred lower

costs had he obtained insurance. The court found that "reduced prices that he may have received had he participated in health benefits or insurance programs for which he may have been eligible are irrelevant according to Texas law." *Id.* at 712. The court held that the list prices Guzman was actually billed, and was obligated to pay, were properly admitted before the jury. *Id.*; *see Sprester v. Bartholow Rental Co.*, A-14-CV-00955-LY, 2016 WL 684933, at *2-3 (W.D. Tex. Feb. 18, 2016).

The undersigned finds that any testimony by Sahni about Rhodes's actual bills is not unreliable even if based on chargemaster rates, and his testimony should not be excluded on this basis. *See Daubert*, 509 U.S. at 596 (holding "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

It is THEREFORE ORDERED that Plaintiff's Motion to Exclude the Expert Opinions of Dr. Deshdeepak Sahni, Dkt. 83 is DENIED.

SIGNED June 27, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE